\*E-Filed 12/22/10\*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DION DAVIS,

    Petitioner,

    v.

D. G. ADAMS, Warden,

    Respondent.

No. C 09-04763 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2006, a Lake County Superior Court jury found petitioner guilty of second degree robbery. Evidence presented at trial establishes that in 2006, petitioner stole $40 dollars and a box of candy from a customer in a Wal-Mart store. On the evening of February 20, 2006, the victim, a 13-year-old, here named B.C., went to a Clearlake Wal-Mart store. Near the front door of the store, petitioner, a 39-year-old acquaintance of the victim, asked B.C. if he

had any money. B.C. said no, and then walked to the electronics department. While he was there, petitioner again approached B.C., grabbed his arm, and told him to give petitioner money or petitioner would take B.C.'s jacket and get the money himself. Petitioner also twice asked the victim to buy him a box of candy which petitioner was holding. After the victim said, "No," petitioner reached inside the victim's jacket, pulled out $40, swung the victim's arm backward and walked off. Though B.C. could not recall on cross-examination whether he paid for the candy, other witnesses testified that he had in fact purchased the item. (Ans., Ex. 7 at 2–3.)

As grounds for federal habeas relief, petitioner alleges that (1) his robbery conviction was based on a legally invalid theory, in violation of due process; (2) defense counsel rendered ineffective assistance; (3) the trial court erred in failing to give jury instructions regarding unanimity; (4) the trial court failed to give proper instructions regarding reasonable doubt; and (5) petitioner's sentence constitutes cruel and unusual punishment, in violation of the Eighth Amendment.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."

*Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

### I. Robbery Conviction

Petitioner claims that his robbery conviction is unconstitutional because it was based on the invalid legal theory that he took candy from the person of the complaining witness. (Pet. at 11.) That invalidity, according to petitioner, stems from the absence of any evidence that the witness had actual or constructive possession of the candy, or that it was taken from his immediate presence. (*Id.*) The state appellate court rejected this claim, concluding that sufficient evidence existed to support a finding that the victim had possession of the candy and that it was taken from his immediate presence:

> having paid for the candy, the victim was its owner and therefore had possession of it . . . The candy was then taken by [petitioner] either from the counter or the bag on the counter, both of which were areas so within the victim's "reach, inspection, observation or control, that he could, if not overcome by violence, or prevented by fear, retain his possession of it." [Citation and quotation marks omitted.] Therefore, at the point the candy was taken, it was in the victim's immediate presence.

(Ans., Ex. 7 at 6.)

A federal court reviewing collaterally a state court conviction does not determine on its own if the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the

3

No. C 09-04763 RS (PR)
ORDER DENYING PETITION

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *See id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Only if not may the writ be granted. *See Jackson*, 443 U.S. at 324.

Robbery, under California law, is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Pen. Code § 211 . The elements of robbery relevant in the instant matter are "possession" and "immediate presence." "Possession" exists if the victim "owns the property taken, has actual possession of it, or acts in some representative capacity with respect to the owner of the property." (Ans., Ex. 7 at 5.) "Immediate presence" is "an area over which the victim, at the time force or fear was employed, could be said to exercise some physical control over his property." (*Id.*)

Under these legal principles, petitioner has not shown that he is entitled to habeas relief on this claim. Sufficient evidence exists in the record to support the jury's findings that petitioner took the personal property of the victim (the candy), against his will, and in his immediate presence. According to the state appellate court, the victim, having paid for the candy, had possession of the property, which was therefore taken from his presence. Not only must this Court defer to the state court's legal definitions of "possession" and "immediate presence," *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), the record supports a conclusion that a rational trier of fact could have found the elements of robbery true beyond a reasonable doubt.

Petitioner also contends that his robbery conviction is constitutionally invalid because the jury was not instructed on the meaning of "possession" and "immediate presence." (Pet. at 6.) The state appellate court rejected this claim, concluding that "possession" and "immediate presence" needed no clarification as they are words commonly understood and were not used in a technical or legal sense. (Ans., Ex. 7 at 9–10.) Whether a term in a jury instruction requires definition depends on whether the term expresses a concept within the

jury's ordinary experience. *United States v. Tirouda*, 394 F.3d 683, 689 (9th Cir. 2005) (no error resulting from failure to define "accomplice" in an accomplice instruction). The record shows that "possession" and "immediate presence" were not used in any specialized technical or legal sense, but rather were used at trial with their everyday, commonsense meanings, and therefore were within a jury's ordinary experience. A jury would presumably understand that a person possessed candy by having purchased it, and that it was in his immediate presence when it was on his person or within easy reach. Petitioner's claim is, therefore, DENIED.

## II.     Assistance of Counsel

Petitioner claims that defense counsel rendered ineffective assistance when he failed to object to the allegedly erroneous legal theory discussed in the previous claims. (Pet. at 8.) The state appellate court did not address this claim in its written opinion.

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, a petitioner must establish (1) that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, and (2) that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Petitioner's claim is without merit. As the legal theory was not erroneous, defense counsel's alleged failure to object cannot have caused petitioner to suffer prejudice. It is both reasonable and not prejudicial for an attorney to forego a meritless objection. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). Accordingly, petitioner's claim is

DENIED.

## III.  Unanimity Instruction

Petitioner claims that the trial court violated his right to due process when it failed to give a unanimity instruction. (Pet. at 10.) Without such an instruction, petitioner asserts, it is possible that not all jurors used the same legal theory in concluding that petitioner was guilty of robbery, thereby depriving petitioner of his right to a unanimous jury verdict. The state appellate court rejected this claim on grounds that petitioner's acts — taking the victim's money and candy — "were so related in time and place as to be an indivisible transaction for which he was criminally responsible" and thus no unanimity instruction was required. (Ans., Ex. 7 at 12.)

Petitioner is not entitled to habeas relief on this claim. Due process does not require that the jury agree as to the specific acts that constituted commission of the crimes charged. The Supreme Court has held that "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackman, J, concurring); *see also Schad v. Arizona*, 501 U.S. 624, 631–32 (1991) (rule that jurors not required to agree upon single means of commission of crime, citing *McKoy*, applies equally to contention they must agree on one of the alternative means of satisfying mental state element of crime). This claim, therefore, is DENIED.

## IV.  Reasonable Doubt Instruction

Petitioner claims that the trial court violated his right to due process by failing to instruct the jury as to the application of the reasonable doubt standard between the greater offense of robbery and the lesser offenses of grand and petty theft. (Pet. at 19.) According to petitioner, the trial court should have instructed the jury that it could convict petitioner of only one of those charges and that it must give the benefit of the doubt to the lesser offense.

(*Id.*)  The state appellate court rejected this *Dewberry*[1] claim on grounds that, owing to the strength of the prosecution's case, it was unlikely that petitioner would have obtained a more favorable result had the jury received a "*Dewberry*" instruction.  (Ans., Ex. 7 at 15.)

Petitioner's claim is not cognizable on federal habeas review.  A challenge to a jury instruction solely as an error under state law, such as the state court decision in *Dewberry*, does not state a claim cognizable in federal habeas corpus proceedings.  *Estelle v. McGuire*, 502 U.S. 62, 67–68, 71–72 (1991) (federal habeas corpus relief is not available for violations of state law or for alleged error in the interpretation or application of state law).  Under limited circumstances, a state statute may create a "liberty interest" protected by the federal right to due process that is enforceable in federal habeas corpus.  *See Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995).  Petitioner does not assert that any state statute entitles him to have a trial court give the instruction outlined in *Dewberry*.  In any event, if the state permits its appellate courts to cure the deprivation of state law, as the state appellate court could do if an error had occurred, any state-created right constitutes at most a "qualified" liberty interest. *Arreguin v. Prunty*, 208 F.3d 835, 837–47 (9th Cir. 2000) (citing *Clemons v. Mississippi*, 494 U.S. 738, 746 (1990)).  Here, the state appellate court's finding that the instruction under *Dewberry* was unnecessary in light of the strength of the evidence against petitioner satisfied any qualified liberty interest petitioner may have had in the instruction.  *See id.* at 837 (state appellate court's application of a harmless error analysis sufficient to satisfy the standard for state-created qualified liberty interests under *Clemons*).  Accordingly, the claim is DENIED.

**V.    Sentence**

Petitioner claims that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments because during the sentencing phase the trial court failed to

---

[1] *People v. Dewberry*, 51 Cal. 2d 548, 557 (Cal. 1959), held that "the failure of the trial court to instruct on the effect of a reasonable doubt as between any of the included offenses, when it had instructed as to the effect of such doubt as between the two highest offenses, and as between the lowest offense and justifiable homicide, left the instructions with the clearly erroneous implication that the rule requiring a finding of guilt of the lesser offense applied only as between first and second degree murder."

exercise its discretion to strike two of his prior convictions in the furtherance of justice under *People v. Superior Court (Romero)*, 13 Cal. 4th 497, 507, 530 (Cal. 1996). The state appellate court rejected this claim on grounds that the trial court properly exercised its *Romero* discretion. (Ans., Ex. 7 at 17–18.) Petitioner received a sentence of 38 years-to-life. (*Id.* at 1 n.2.)

Under *Romero*, a California sentencing court may strike a prior felony conviction allegation "in furtherance of justice"; an "amorphous concept" requiring the trial court to consider both "the rights of the defendant and the interests of society as represented by the People." *Romero*, 13 Cal. 4th at 507, 530. State sentencing courts must be accorded wide latitude in their decisions as to punishment. *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987). Federal habeas relief is not justified even if a state court misapplies its own sentencing laws, unless there is a showing of fundamental unfairness. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Because of a tradition of deferring to state legislatures on state sentencing policy, a federal court may not review a state sentence that is within statutory limits. *Ewing v. California*, 538 U.S. 11, 24 (2003). While there are limited exceptions to this rule of deference under the Due Process Clause[2] and the Eighth Amendment, as petitioner has not made a due process claim, only Eighth Amendment jurisprudence is relevant here.

A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277, 303 (1983). Yet "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Id.* at 289–90. Eighth Amendment jurisprudence "gives legislatures broad discretion to fashion a sentence that fits within the

---

[2] A federal court may grant relief from a state sentence imposed in violation of due process; for example, if a state trial judge imposed a sentence in excess of state law, *see Walker*, 850 F.2d at 476, or enhanced a sentence based on materially false or unreliable information or based on a conviction infected by constitutional error, *see U.S. v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995).

scope of the proportionality principle - the precise contours of which are unclear." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (internal quotations and citations omitted). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime." *Ewing*, 538 U.S. at 23 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Where it cannot be said as a threshold matter that the crime committed and the sentence imposed are grossly disproportionate, it is not appropriate to engage in a comparative analysis of the sentence received by the defendant to those received by other defendants for other crimes. *See U.S. v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

In *Harmelin*, the Supreme Court upheld a life sentence without the possibility of parole for an offender who had no prior felony convictions and whose sole conviction was for possessing 672 grams of cocaine. 501 U.S. at 995, 961. In *Andrade*, the Supreme Court, under the highly deferential AEDPA standard, upheld a sentence of two consecutive 25 year terms for the nonviolent theft of $150 worth of videotapes. 538 U.S. at 77.

Applying these legal precedents, petitioner's claim cannot succeed. First, a federal court cannot grant a habeas writ for violations of state law or for alleged error in the interpretation or application of state law. *Estelle*, 502 U.S. at 67–68 (1991). Though *Romero* and the California sentencing rules create rights under state law, petitioner has not shown that they create federal constitutional rights. Second, *Romero*'s "in furtherance of justice" standard represents an "amorphous concept" which renders it problematic for a federal court to evaluate petitioner's claim on the merits. Specifically, for this federal court to assess whether the trial court violated petitioner's rights under *Romero*, it would have to consider rights and interests particular to California's system of justice, a task rightfully assigned by the state to its trial courts. Third, petitioner has not shown that his sentence was grossly disproportionate to his crimes, especially considering that in *Harmelin*, the Supreme Court upheld as constitutional a life sentence for a nonviolent drug possession crime, and in *Andrade*, upheld a 50 year sentence under a recidivist statute for a nonviolent theft crime,

similar to the one committed by petitioner, and for which he received 38, not 50, years. If a life sentence for a nonviolent drug possession crime is found not to violate the Eighth Amendment, a state court's affirmation of petitioner's 38 year sentence similarly will not rise to that level. Accordingly, petitioner's claim is DENIED.

## CONCLUSION

The state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: December 22, 2010

RICHARD SEEBORG
United States District Judge